1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    EARL DAVID DRAKE,                    | Case No.  1:24-cv-00651-BAM (PC)

12                      Plaintiff,         | ORDER DIRECTING CLERK OF COURT TO
                                           | RANDOMLY ASSIGN DISTRICT JUDGE TO
13          v.                             | ACTION

14    CAMPBELL,                            | FINDINGS AND RECOMMENDATIONS TO
                                           | DISMISS ACTION, WITH PREJUDICE, FOR
15                      Defendant.         | FAILURE TO STATE A CLAIM, FAILURE
                                           | TO OBEY COURT ORDERS, AND FAILURE
16                                         | TO PROSECUTE

17                                         | (ECF Nos. 11, 13)

18                                         | **FOURTEEN (14) DAY DEADLINE**

19

20    I.      **Background**

21          Plaintiff Earl David Drake ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

22    *pauperis* in this civil rights action under 42 U.S.C. § 1983.

23          On February 3, 2025, the Court screened the first amended complaint and found that it

24    failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for

25    relief.  (ECF No. 11.)  The Court issued an order granting Plaintiff leave to file a second amended

26    complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly

27    warned Plaintiff that the failure to comply with the Court's order would result in a

28    recommendation for dismissal of this action, with prejudice.  (*Id.* at 6.)  On March 10, 2025, the

                                              1

1   Court granted Plaintiff's motion for a thirty-day extension of the deadline to file a second

2   amended complaint.  (ECF No. 13.)  Plaintiff was again warned that failure to comply with the

3   Court's order would result in dismissal of this action, with prejudice, for failure to obey a court

4   order and for failure to state a claim.  (*Id.*)  Plaintiff failed to file an amended complaint or

5   otherwise communicate with the Court, and the deadline to do so has expired.

6   **II.      Failure to State a Claim**

7           **A.      Screening Requirement**

8           The Court is required to screen complaints brought by prisoners seeking relief against a

9   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

10  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

11  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

12  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

13          A complaint must contain "a short and plain statement of the claim showing that the

14  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

15  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

16  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

17  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

18  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

19  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

20          To survive screening, Plaintiff's claims must be facially plausible, which requires

21  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

22  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

23  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

24  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

25  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

26          **B.      Plaintiff's Allegations**

27          Plaintiff is currently housed at California State Prison at Corcoran, California, where the

28  events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) T.

2

1   Campbell, Warden; (2) R. Rodriguez, Sergeant; and (3) A. Randolph, Captain

2   (Warden/Designee).

3        In claim 1, Plaintiff alleges a violation of the Equal Protection clause of the Fourteenth

4   Amendment.  Plaintiff ordered a special purchase package from Walkenhorst's after finding out

5   others had ordered items from the vendor.  Plaintiff received a Notice of Disapproval from R.

6   Rodriguez.

7        Plaintiff alleges that in June 2022, Plaintiff saw an inmate making greeting cards, and the

8   inmate had a glue stick and plastic ruler as handicraft items.  The inmate told Plaintiff they are

9   allowed to purchase handicraft items as long as we have a chrono verifying in-cell handicraft

10  program.  Plaintiff obtained a chrono for in-cell handicraft.  The inmate gave Plaintiff the name of

11  Walkenshorst's as an approved vendor.  Title 15, section 3190 states that "Inmates must use only

12  materials purchased from their own funds or approve for their use by institution's designated

13  supervisor of the handicraft program."  General policy 3190 (k) states that "inmates shall be

14  allowed special purchases of authorized personal property items from departmentally approved

15  inmate package vendor catalogs and order forms are available to inmates who qualify.  Special

16  purchases shall only include the following . . . (5) Handicraft material, subject to approval by

17  handicraft manager and designated custody staff."  Plaintiff attaches as Exhibit C.

18       Walkenshorst's catalog page 14 (Exhibit D) shows facility restriction: page 333 showed

19  the unapproved items and page 252 shows handicraft items per institutional discretion.  On

20  7/5/22, Plaintiff receive Notification of Disapproval for mail/package/publications, per Title 15

21  section 3136(a) (Exhibit F) that disapproval of inmate mail that is in clear violation of California

22  Code of Regulations section 3006 or 3135 shall be referred to staff not below the level of captain

23  for determination, and appropriate action.  Disapproval of inmate mail that is not in clear

24  violation of California Code of Regulation section 3006 or 3135 shall be referred to the Warden.

25       Plaintiff presents a sales order dated 3/15/21 and a second sales order dated 2/11/22 of

26  another inmate, Conrad Aten, who received his special purchase order from Walkenhorst's which

27  Plaintiff did not receive.

28  ///

1    This was an authorized, intentional deprivation of property.  Plaintiff does not believe

2  there was any pre-deprivation process because an agent of the state who intends to deprive a

3  person of his property and can provide pre-deprivation process, then he must do so.  Plaintiff was

4  similarly situated as other inmates who have ordered hobby craft items from Walkenshorst's

5  received their items, but Plaintiff did not.  There was no reason by others received packages and

6  Plaintiff did not.  Section 3044 (5) states that no inmate or group of inmates shall be granted

7  privileges not equally available to other inmates of the same custody classification.

8    Plaintiff states he is not attempting to sue the Warden or any other defendant based solely

9  upon his supervisory role.

10    Plaintiff's special purchase package went to Receiving and Release where Sergeant

11  Rodriguez forwarded notification of disapproval to A. Randolph, Captain and warden/designee

12  who then notified T. Campbell.  All denied Plaintiff's package.

13    The remainder of the complaint is legal arguments.

14    As remedies, Plaintiff seeks for defendant to pay all court costs including small claims

15  court, pay for items ordered from Walkenhorst's and for damages for mental anguish.

16    **C.    Discussion**

17    Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

18  state a cognizable claim under 42 U.S.C. § 1983.

19    **1.    Federal Rule of Civil Procedure 8**

20    Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

21  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

22  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

23  of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678

24  (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

25  claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

26  at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also*

27  *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

28  ///

4

1      Plaintiff's complaint is relatively short, but it is not a plain statement of his claims.  While

2   it identifies the specific claim, the allegations are conclusory as to what happened.

3                          **2.      Supervisor Liability**

4      Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based

5   solely upon his supervisory role, he may not do so.  Liability may not be imposed on supervisory

6   personnel for the actions or omissions of their subordinates under the theory of respondeat

7   superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th

8   Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*,

9   297 F.3d 930, 934 (9th Cir. 2002).

10      Supervisors may be held liable only if they "participated in or directed the violations, or

11   knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045

12   (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v.*

13   *Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  "The requisite causal connection may be established

14   when an official sets in motion a 'series of acts by others which the actor knows or reasonably

15   should know would cause others to inflict' constitutional harms."  *Corales v. Bennett*, 567 F.3d at

16   570.  Supervisory liability may also exist without any personal participation if the official

17   implemented "a policy so deficient that the policy itself is a repudiation of the constitutional

18   rights and is the moving force of the constitutional violation."  *Redman v. Cty. of San Diego*, 942

19   F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other

20   grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).  When a defendant holds a supervisory

21   position, the causal link between such defendant and the claimed constitutional violation must be

22   specifically alleged.  *See Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,

23   589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement

24   of supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*,

25   673 F.2d 266, 268 (9th Cir. 1982).

26      Plaintiff alleges he is not suing any defendant based solely on his supervisory role.

27   Plaintiff alleges he is suing each defendant for their participation or directing violations of his

28   rights.  Here, Plaintiff alleges that each defendant denied Plaintiff's package.  For the reasons set

5

1    for below, Plaintiff fails to state a claim.

2                    **3.       Fourteenth Amendment – Deprivation of Property**

3           Plaintiff argues that he was denied pre-deprivation due process and argues this was an

4    authorized, intentional deprivation of property.

5           Insofar as Plaintiff also alleges that any Defendant wrongfully refused to turn over

6    property Plaintiff purchased, these allegations also are not sufficient to support a cognizable

7    claim.  Prisoners have a protected interest in their personal property.  *Hansen v. May,* 502 F.2d

8    728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under

9    the Due Process Clause.  *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v.*

10   *Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th

11   Cir. 1985).  Authorized deprivations are permissible if carried out pursuant to a regulation that is

12   reasonably related to a legitimate penological interest.  *Turner v. Safley*, 482 U.S. 78, 89 (1987).

13   The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of

14   property without underlying statutory authority and competent procedural protections."  *Nevada*

15   *Dept. of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d

16   1083, 1090 (9th Cir. 2003) (internal quotations omitted), *cert. denied*, 538 U.S. 976 (2012)).

17          The issue before the Court is the denial of property that Plaintiff ordered (when other

18   inmates allegedly were allowed to do so), and the process associated with that denial.

19          The fundamental requirements of procedural due process are notice and an opportunity to

20   be heard before the government may deprive a person of a protected interest.  *Cleveland Bd. of*

21   *Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).  The Ninth Circuit's decision in *Nev. Dep't. of*

22   *Corr. v. Greene*, 648 F.3d 1014 (9th Cir. 2011) is on point.  In *Greene*, the Nevada Department of

23   Corrections changed its policy, which change created a ban on inmate possession of typewriters.

24   *Id.* at 1017.  The ban was system-wide, and all inmates were notified of the new policy.  *Id.*

25   Inmates had the choice of shipping the typewriters out of the prison, donating the typewriters, or

26   destroying them.  *Id*.  Even though the plaintiff inmate in *Greene* was not given an individual pre-

27   deprivation hearing, the Ninth Circuit found that his due process rights were not violated because

28   he had been notified of the ban and given ample time to comply with it.  "With respect to the

6

1  personal property of prisoners, that is all the process that is due." *See id*. at 1019 (all the process

2  that prisoners are due regarding personal property, such as typewriters, is notification of changes

3  in regulations and time to comply).

4      "[T]he fact that prisoners retain rights under the Due Process Clause in no way implies

5  that these rights are not subject to restrictions imposed by the nature of the regime to which they

6  have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Indeed, Plaintiff

7  has attached documentation to the first amended complaint which indicates Walkenhorst's is not

8  an approved vendor for handicraft items, attaching the Operational Procedure 803 for Inmate In-

9  Cell Handicraft Program.  The Operational Procedure 803 803 for Inmate In-Cell Handicraft

10  Program lists the approved vendors and does not include Walkenhorst's.  As in *Greene*, Plaintiff

11  in this case was aware of the regulation and given an opportunity to comply with it.  That is all

12  the process that is due.  *Greene*, 648 F.3d at 1017; *Bolds v. Cavazos*, No. 1:12-CV-01754 BAM

13  PC, 2018 WL 805665, at *4 (E.D. Cal. Feb. 9, 2018), report and recommendation adopted, No.

14  1:12-CV-01754 LJO BAM PC, 2018 WL 1305911 (E.D. Cal. Mar. 13, 2018), aff'd, 744 F. App'x

15  444 (9th Cir. 2018) (dismissing complaint where Plaintiff was aware of the regulation regarding

16  having certain property and given an opportunity to comply with it).

17      Further, Plaintiff has not alleged any facts that support a claim that the underlying

18  statutory authority for the deprivation of his property was not reasonably related to a legitimate

19  penological purpose or that he did not have any notice of the underlying statutory authority.  So

20  long as correctional officials complied with underlying statutory authority and competent

21  procedural protections, due process was satisfied.  Plaintiff therefore fails to state a claim for

22  relief on his claim of a violation of the Due Process Clause.  This is not an instance in which a

23  pre-deprivation hearing was appropriate.  It makes little sense to allow a prisoner to purchase an

24  item from an un-approved vendor before instituting proceedings to deprive him of it.  *See, e.g.*,

25  *Lopez v. Holler*, No. 18-CV-04387-WHO (PR), 2020 WL 1429748, at *4 (N.D. Cal. Mar. 24,

26  2020) (denying pre-deprivation hearing for confiscation of a beard trimmer considered to be

27  contraband).

28  ///

7

1         **4.      Fourteenth Amendment – Equal Protection**

2         The Equal Protection Clause requires that persons who are similarly situated be treated

3    alike. *City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432, 439, (1985); *Shakur v.*

4    *Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by

5    showing that defendants intentionally discriminated against a plaintiff based on his membership

6    in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690,

7    702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly

8    situated individuals were intentionally treated differently without a rational relationship to a

9    legitimate state purpose, *Engquist v. Or. Dep't of Agr*., 553 U.S. 591, 601–02 (2008); *Village of*

10   *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580,

11   592 (9th Cir. 2008).

12        Plaintiff does not state a cognizable equal protection claim.  Plaintiff does not allege that

13   he was discriminated against because of his membership in any protected class.  He also does not

14   allege that he was intentionally treated differently than other similarly situated inmates without a

15   rational relationship to a legitimate state purpose.  Plaintiff does not have a protectable Equal

16   Protection right to order supplies from the same unapproved vendor as used by another inmate.

17        **5.      Title 15 and Policy Violation**

18        It appears Plaintiff is challenging Defendants' conduct for failing to comply with

19   provisions of Title 15.  To the extent that any Defendant has not complied with applicable state

20   statutes or prison regulations for failure to follow procedures, these deprivations do not support a

21   claim under §1983.  Section 1983 only provides a cause of action for the deprivation of federally

22   protected rights.  *See e.g*., *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title

23   15 of the California Code of Regulations do not create private right of action); *Nurre v.*

24   *Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on

25   violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013

26   WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no

27   implied private right of action under title 15 and stating that "no § 1983 claim arises for

28   [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB),

1    2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims

2    brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No.

3    1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding

4    that there is no private right of action under Title 15 of the California Code of Regulations);

5    *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29,

6    2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL

7    16748838 (E.D. Cal. Nov. 7, 2022) (same).

8    **III.      Failure to Prosecute and Failure to Obey a Court Order**

9           **A.      Legal Standard**

10          Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

11   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

12   within the inherent power of the Court."  District courts have the inherent power to control their

13   dockets and "[i]n the exercise of that power they may impose sanctions including, where

14   appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

15   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

16   failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

17   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

18   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

19   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

20   (dismissal for failure to comply with court order).

21          In determining whether to dismiss an action, the Court must consider several factors:

22   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

23   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

24   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

25   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

26          **B.      Discussion**

27          Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with

28   the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

1   case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

2   The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

3   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

4   *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

5   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

6   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

7   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

8   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

9   *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

10   Finally, the Court's warning to a party that failure to obey the court's order will result in

11   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

12   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's February 3, 2025 screening

13   order and March 10, 2025 order granting Plaintiff's motion for extension of time expressly

14   warned Plaintiff that his failure to file an amended complaint would result in a recommendation

15   of dismissal of this action, with prejudice.  (ECF Nos. 11, 13.)  Thus, Plaintiff had adequate

16   warning that dismissal could result from his noncompliance.

17   Additionally, at this stage in the proceedings there is little available to the Court that

18   would constitute a satisfactory lesser sanction while protecting the Court from further

19   unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in

20   this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

21   or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

22   **IV.**    **Conclusion and Recommendation**

23   Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

24   District Judge to this action.

25   Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY

26   RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

27   pursuant to 28 U.S.C. § 1915A, for failure to obey court orders, and for Plaintiff's failure to

28   prosecute this action.

1    These Findings and Recommendation will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

3  **(14) days** after being served with these Findings and Recommendation, the parties may file

4  written objections with the Court.  The document should be captioned "Objections to Magistrate

5  Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages**

6  **or include exhibits.  Exhibits may be referenced by document and page number if already in**

7  **the record before the Court.  Any pages filed in excess of the 15-page limit may not be**

8  **considered.**  The parties are advised that failure to file objections within the specified time may

9  result in the waiver of the "right to challenge the magistrate's factual findings" on

10  appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*,

11  923 F.2d 1391, 1394 (9th Cir. 1991)).

12

13  IT IS SO ORDERED.

14  Dated:   **April 28, 2025**                     /s/ *Barbara A. McAuliffe*       _

15                                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28